DUANE MORRIS LLP
Gregory P. Gulia
Eric W. McCormick
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNILEVER SUPPLY CHAIN, INC. and CONOPCO, INC. D/B/A UNILEVER,<br><br>Plaintiffs,<br><br>-against-<br><br>I & I WHOLESALE FOOD INC., I & I DISTRIBUTORS and IGOR MAGIDOV,<br><br>Defendants. | Civil Action No. 10-CV-1077 (RJD) (RER)<br><br>ECF Case |

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT**

Plaintiffs Unilever Supply Chain, Inc. and Conopco, Inc. d/b/a Unilever ("Plaintiffs") apply for entry of default judgment against Defendant Igor Magidov ("Defendant"), pursuant to Fed. R. Civ. P. 55 and Rule 55.2 of the Local Civil Rules of the Eastern District of New York. The application is based upon this Application, the Complaint, attached hereto as Exhibit A, and all prior proceedings herein, and such additional argument and evidence that may be presented at or before any hearing that the Court may order on this Application. Plaintiffs state as follows:

1. On June 2, 2010, the Clerk of this Court entered the default of Defendant. See Exhibit B attached hereto.

The default concedes the truth of the allegations of the Complaint as to Defendant's liability. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d Cir. 1971), rev'd on other

grounds, 409 U.S. 363 (1973) ("a default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability").

The default established Defendant's liability to Plaintiffs for federal trademark counterfeiting, trademark infringement and unfair competition under Sections 32(l) and 43(a) of the Trademark Act of 1946 (the "Lanham Act") (15 U.S.C. §§ 1114(l) and 1125(a)), federal trademark dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)(1)), and for substantial and related claims of unfair competition, deceptive trade practices, dilution, tarnishment and injury to business reputation, and unjust enrichment arising under the laws of the State of New York.

2. Defendant has not appeared in this action. See Decl. of Gregory P. Gulia dated May 24, 2010 at ¶ 8, attached hereto as Exhibit C.

3. Defendant is not an infant, an incompetent person or in the military. See Decl. of Gregory P. Gulia dated May 24, 2010 at ¶ 9.

4. Plaintiffs seek judgment as respectfully requested in the attached [Proposed] Default Judgment and Permanent Injunction, including statutory damages of two million dollars ($2,000,000.00) for Defendant's federal trademark counterfeiting or such other amount as the Court may deem appropriate.

Dated: New York, New York
June 7, 2010

DUANE MORRIS LLP

By: [signature]

Gregory P. Gulia
Eric W. McCormick
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Fax: (212) 692-1020

Attorneys for Plaintiffs
Unilever Supply Chain, Inc. and Conopco, Inc. d/b/a Unilever

**CERTIFICATE OF SERVICE**

I hereby certify that I caused copies of the Application for Entry of Default Judgment, the Declaration of Gregory P. Gulia in support thereof, the Notice of Application for Entry of Default Judgment, and [Proposed] Default Judgment and Permanent Injunction to be served by first-class mail this 7th day of June, 2010, upon the following:

Igor Magidov
1845 82nd Street, Apt. A4
Brooklyn, NY 11214

By: ______________________