UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNILEVER SUPPLY CHAIN, INC. and
CONOPCO, INC., D/B/A UNILEVER,

                                      **ORDER**

                                10 CV 1077 (RJD)(RER)

                Plaintiff,

    - against -

I & I WHOLESALE FOOD INC.,
I & I DISTRIBUTORS and
IGOR MAGIDOV,

                Defendants.
-----------------------------------------------------------------X
DEARIE, Chief Judge.

      In a Report and Recommendation dated and entered February 17, 2011, Magistrate Ramon E. Reyes, Jr., recommends that, in granting plaintiffs' motion for default, the Court award plaintiffs $500,000 in statutory damages and $19,144 in attorney's fees and costs. The Report and Recommendation further recommends that the Court enjoin defendants from further infringing upon plaintiffs' trademarks, *i.e.*, the federally registered trademark and logo HELLMAN'S® and the federally registered trademark BRING OUT THE BEST®, and that the Court adopt the language effecting said injunction in plaintiffs' Proposed Default Judgment and Permanent Injunction (Docket No. 12-4).

      The Report and Recommendation has been served upon defendants, no objections have been filed, and defendants' time to do so has expired.

      Having considered the papers submitted in support of plaintiffs' application and the comprehensive and thoughtful analysis of Magistrate Reyes, the Court adopts the Report and Recommendation without qualification. Accordingly, for the reasons explained therein, the

Court grants plaintiffs' motion for a judgment of default against Defendant Igor Magidov and awards plaintiffs $500,000 in statutory damages and $19,144 in attorney's fees and costs. The Court further orders as follows:

Defendant Igor Magidov, his companies, employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation therewith, are permanently enjoined from:

(a) using or authorizing any third party to use as a trademark, service mark, domain name, business name, trade name or symbol of origin plaintiffs' HELLMANN'S® mark or plaintiffs' BRING OUT THE BEST® mark and/or any other counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of these marks in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

(b) imitating, copying or making any counterfeit use of plaintiffs' HELLMANN'S® mark or plaintiffs' BRING OUT THE BEST® mark or any copy, simulation, variation or imitation thereof;

(c) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Magidov's goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with plaintiffs;

(d) using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with plaintiffs or tend to do so;

(e) diluting the distinctive quality of or tarnishing plaintiffs' HELLMANN'S® mark or plaintiffs' BRING OUT THE BEST® mark;

(f) engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of plaintiffs' HELLMANN'S® mark or plaintiffs' BRING OUT THE BEST® mark, or of plaintiffs' rights therein; and

(g) aiding any other party in doing any of the foregoing prohibited acts.

The Court further orders that Magidov shall: (i) retrieve and recall from all distributors, retail establishments or wholesale establishments, and cease the distribution or sale of, any and all goods sold in connection with or bearing plaintiffs' HELLMANN'S® mark or plaintiffs' BRING OUT THE BEST® mark; (ii) deliver for destruction all goods, advertisements for such, and other materials in his possession, or under his control, incorporating or bearing plaintiffs' HELLMANN'S® mark or plaintiffs' BRING OUT THE BEST® mark or any other simulations, variations or colorable imitations of plaintiffs' marks, used alone or in combination with other words and/or designs; and (iii) serve upon plaintiffs' counsel within thirty (30) days after entry of this Order a report in writing under oath, setting forth in detail the manner and form in which compliance with this Order has been effected.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: Brooklyn, New York
       March 22, 2011

                                             s/ Judge Raymond J. Dearie
                                             _____
                                             RAYMOND J. DEARIE
                                             United States District Judge